FILED

November 25 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0258

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 409N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

JOSHUA J. TWICHEL,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 09-0032
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Brad L. Arndorfer, Arndorfer Law Firm, Billings, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General; John Paulson, Assistant Attorney General, Helena, Montana

            Teague J. Westrope, Deputy City Attorney, Billings, Montana

Submitted on Briefs:  October 21, 2009

Decided:  November 25, 2009

Filed:

_____
                          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Joshua John Twichel (Twichel) appeals from the District Court's order denying his motion to withdraw his guilty plea.

¶3 Billings police officers arrested Twichel at his home after he was involved in an altercation with his pregnant wife. The City of Billings charged Twichel with partner family member assault. The information alleged that Twichel pushed his wife to the ground, twisted her arm, and threatened her with a gun during this encounter.

¶4 Twichel appeared in city court for his initial appearance along with about thirty other defendants. Twichel had a brief conversation with a public defender who was in the courtroom. The public defender advised Twichel to plead not guilty. Twichel contends that he watched other defendants plead not guilty to partner family member assault and saw the court impose no contact restrictions with respect to these defendants' partners. Twichel claimed that he was the sole bread winner for his four children and a fifth on the way. He wanted to get home as quickly as he could. As a result, Twichel chose to disregard the advice of the public defender and he entered a guilty plea.

2

¶5    The city court advised Twichel of the direct consequences of his plea, but the court did not discuss collateral consequences, such as the loss of Twichel's gun rights. Twichel informed the court that he understood the consequences of his plea and entered a guilty plea. The court conducted a brief colloquy in which Twichel admitted to having pushed his wife to the ground and twisted her arm. The court accepted Twichel's guilty plea and imposed a sentence.

¶6    Three weeks later, Twichel sought to withdraw his guilty plea on the basis that he had not been advised adequately of the consequences of pleading guilty. In particular, Twichel alleged that the city court had failed to advise him that his gun rights would be affected, that his sentence would involve extensive supervision, and that the court would impose a no contact order to protect Twichel's wife. The city court denied Twichel's motion.

¶7    Twichel appealed to the district court. The District Court affirmed on the grounds that Twichel was under no obligation to enter a guilty plea at his initial appearance and that the city court likely would have provided Twichel with counsel had he requested it. The court further determined that the city court was under no obligation to inform Twichel of the collateral consequences of his plea, including its affect on his gun rights. Twichel appeals.

¶8    The denial of a motion to withdraw a guilty plea on the alleged grounds that the plea was involuntary presents mixed questions of law and fact. We review de novo these mixed questions of law and fact. *State v. Brinson*, 2009 MT 200, ¶ 3, 351 Mont. 136, 210 P.3d 164. We review for clear error any factual findings relied upon by the court in reaching its legal conclusion. *State v. McFarland*, 2008 MT 18, ¶ 8, 341 Mont. 166, 176 P.3d 1057. We have

3

determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence supports the District Court's findings of fact and that the District Court correctly applied the law.

¶9 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM RICE